**Leonard R. Berman**
**9220 SW Barbur Blvd. Suite 119. Box 180**
**Portland, OR 97219**
**(503)516-3715**
**OSB # 96040**
**Easyrabbi@yahoo.com**

<u>**ATTORNEY FOR PLAINTIFFS**</u>

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| SARAH RODGERS, GLORIA SELEEN, And a Class of Similarly Situated Women,<br><br>Plaintiff(s),<br><br>v.<br><br>ALANA BRUNS, Personally,<br>KENNETH POHLSCHNEIDER, Personally,<br>SGT. DONALD, Personally, | Case No. 3:19-CV-1398<br><br>COMPLAINT<br><br>Civil Rights: Prisoner 8th Amendment, Invasion of Privacy<br>42 USC Sec. 1983 Violation, Conspiracy to Violate Civil Rights 42 USC Sec. 1985 (3), Class Action, FRCP 23<br>JURY TRIAL DEMANDED |

1  COMPLAINT

| | | |
|---|---|---|
| SGT. MOORE, Personally, | : | |
| STEVE WALBORN, Personally, | : | : |
| | : | |
| Defendants. | : | |
| _____ | : | |

## INTRODUCTION

     This is an action brought to redress the deprivation by Defendants of rights secured to the Plaintiff by denying her minimal privacy and violating her Eighth Amendment Rights by conducting a mass unclothed strip search at CCCF Minimum housing unit on or about September 5, 2017. All defendants conspired to violate plaintiffs' rights in contravention of 42 USC Sec. 1985 (3).

1. Pursuant to 42 USC §1983 an Plaintiff Seleen and a class of similarly situated female inmates and allege that Defendants Alana Bruns, Kenneth Pohlschneier, Sgt. Donald, Sgt. Moore, Steve Walborn, conspired to violate and did violate their Eighth Amendment rights violated her 8th Amendment rights by conducting a mass strip search on or about September5, 2017 at CCCF Minimum housing subjecting hundreds to naked group searches without justification or exigent circumstance, causing wanton and needless infliction of pain, anguish, emotional distress.

2. Plaintiff(s) seeks an award of economic damages, non-economic damages, and attorney fees and litigation expenses/costs against Defendants. Plaintiff also seeks an award of punitive damages against Defendants.

## II.  JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC §§1331,

2  COMPLAINT

1343, and 1367.

### III.  PARTIES

4. At all material times herein, Plaintiffs were in the custody and care of Coffee Creek Correctional facility (CCCF) run by the State of Oregon in Washington County.

5. At all material times herein, Defendants were employees of the State of Oregon, acting under color of law and are sued in their official and individual capacities as well. Alana Bruns handled Operations, , Kenneth Pohlschneier was the Incident Commander, Sgt. Donald was the area commender, Sgt. Moore was the Recorder, and Steve Walborn was the Logistics Officer.

### IV. FACTS

6. On or about September 5, 2017 Ms. Seleen and dozens, if not hundreds of other CCCF female inmates were improperly strip searched en masse in front of three windows. Other inmates, male and female deputies could and did view them naked through the windows. This was negligence, an intentional tort, invasion of privacy, intentional infliction of emotional distress, Eighth Amendment cruel and unusual punishment of sentenced inmates. At least three at a time were strip-searched.

7. Hundreds of female inmates were rounded up, denied their 5:30 am breakfast, denied, adequate food and water for hours, only one toilet for hundreds, leading several to soil themselves, and a later sac lunch , normally at 11 am, after 1pm, and compelled to sit outdoors n the exceedingly hot sun.

8. At some point, Alana Bruns entered and told staff that they should not be doing mass searches with out privacy panels and some precautions.

## CLASS ACTION ALLEGATIONS

9. Plaintiff bring this action pursuant to Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals who were strip searched in public and group settings on or about September 5, 2017 in CCCF Minimum.

10. The class that Plaintiffs seek to represent are defined as follows:

Class One

All persons who were placed into the custody of the CCCF minimum unit regardless of charges, while unclothed in a group and public setting in open areas involving one or more officers who:

A.  Inspects the individual from top to bottom;

B.  Inspects his hair, ears, mouth, hands, armpits, feet, between toes, nostrils;

C.  Inspects a woman's breastsRequires the individual to bend and spread buttocks and vagina;

D.  Requires the individual to face a wall so staff can inspect the back of the body;

The class period commences and ends on September 5, 2017 and extends to the date on which CCCF is enjoined from, or otherwise ceases,

enforcing their unconstitutional policy, practice and custom of conducting group and public strip searches .Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

11. This action has been brought and may properly be maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

12. The members of the class are so numerous as to render joinder impracticable. Upon information and belief, there are hundreds of people were searched.  Upon information and belief, the size of the proposed class totals at least 500-1000 individuals.

13. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely dispersed over a large geographical area, with some members presently residing outside of the County and this Judicial District.  Furthermore, upon information and belief, many members of the class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

14. Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from unreasonable searches violated by Defendants' conducting strip searches in an unreasonable fashion.  All members of the class were placed into the custody of their CCCF facilities, and all were illegally strip searched in violation of the clearly established law in this judicial circuit.

15. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiff and all members of the class sustained damages arising out of Defendants' course of conduct. The harms suffered by the Plaintiff are typical of the harms suffered by the class members.

16. The representative Plaintiff (s) have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are adverse to the interests of the members of the Class.

17. Plaintiffs have retained counsel who has substantial experience and success in the prosecution of civil rights litigation and class action litigation.

18. Counsel for Plaintiffs know of no conflicts among members of the class, or between counsel and members of the class.

19. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(2), in that all class members were subject to the same policy requiring the illegal strip searches of individuals placed in the custody of CCCF on September 5, 2017.

20. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiff (s) seek certification under Rule 23(b)(3).

21. Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants' written and/or *de facto* policy/practice of strip searching in an unreasonable fashion, all individuals committed to the CCCF minimum on September 5, 2017 is a violation of the Eighth and Fourteenth Amendments to the United States

Constitution, and whether such a written and/or *de facto* policy existed during the class period.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

23. Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of thousands of individuals, even though the Defendants have maintained their illegal strip search policy for the past several years.

24. In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiff(s) also seek partial certification under Fed. R. Civ. P. 23(c)(4).

## Facts Applicable to the Class Generally

25. The Eighth Amendment of the United States Constitution prohibits state officials, such as the Policy Making Defendants in this action and the Corrections Officers they supervise, from performing strip searches in an unreasonable fashion on sentenced inmates,

as an example of cruel and unusual punishment.

26. Upon information and belief, CCCF and the Policy Making Defendants have instituted a written and/or *de facto* policy, custom or practice of strip searching at whim all individuals in public and group settings in the custody of CCCF (by forcing them to remove their clothing for a visual inspection of their bodies and/or forcing them to submit to a visual inspection of their body cavities in a public setting in front of fellow inmates and other guards) and are later allowed to dress back into jail clothing. For purposes of this Complaint, strip and visual cavity searches are collectively referred to as "strip searches."

27. The aforementioned CCCF, and the Policy Making Defendant(s) know that they may not institute, enforce or permit enforcement of a policy or practice of conducting strip searches unreasonably.

28. The Defendants' written and/or *de facto* policy, practice and custom mandating wholesale unreasonable strip searches has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

29. Upon information and belief, the aforementioned CCCF and Policy Making Defendant have promulgated, implemented, enforced, and/or failed to rectify a written and/or *de facto* policy, practice or custom of public, mass strip-searching all in the custody of CCCF minimum on September 5, 2017 in an unreasonable fashion.

30. Pursuant to this written and/or *de facto* policy, each member of the Class, including the named Plaintiffs, were the victims of a mass group and public strip search.

31. This policy, custom or practices of group strip searches are in violation of the ABA Standard 23-7.9 Searches of prisoners' bodies and OAR 291-041-0020 Inmates to wit:

ABA Standard 23-7.9

(a) In conducting a search of a prisoner's body, correctional authorities should strive to preserve the privacy and dignity of the prisoner. Correctional authorities should use the least intrusive appropriate means to search a prisoner. Searches of prisoners' bodies should follow a written protocol that implements this Standard.
(b) Except in exigent situations, a search of a prisoner's body, including a pat-down search or a visual search of the prisoner's private bodily areas, should be conducted by
(d) Visual searches of a prisoner's private bodily areas, whether or not inspection includes the prisoner's body cavities, should:

(i) **be conducted only by trained personnel in a private place out of the sight of other prisoners and of staff not involved in the search**, (emphasis added) except that a prisoner should be permitted to request that more than one staff member be present; and

The relevant OAR states in part:

**291-041-0010 Definitions**
(c) Skin: A search procedure wherein the person being searched removes all of his/her clothing and is visually examined and clothing removed is carefully inspected before return and redressing, for the purpose of detecting contraband.

291-041-0020 Inmates

**(7) Skin Searches: Skin searches conducted by DOC staff will be of the same gender as the inmate, unless there is an emergency. Except in emergencies, inmates undergoing skin searches will be removed to a private area for the search. (Emphasis added)**

**32. As a direct and proximate result of the unlawful strip search conducted pursuant to this written and/or *de facto* policy, the victims of the unlawful strip searches – each member of the class, including the named Plaintiff(s) – have suffered or will suffer psychological pain, humiliation, suffering and mental anguish.**

9  COMPLAINT

### Facts Applicable to the Plaintiff Sarah Rodgers

33. Sara Rodgers's experiences are representative of the class at large. On September 5, 2017, Ms. Rodgers and others sustained a mass public strip search in open areas of the CCCF minimum likely exceeding 500 inmates. A tort claim notice from Seleen timely issued.

34. As Corrections Officers watched, Ms. Rodgers and others removed all of their clothing, including underpants.

35. A Corrections Officer inspected Mr. Rodgers from top to bottom while naked. The deputy then instructed her to bend over and speak her buttocks and to lift her breasts.

36. As a direct and proximate result of the unlawful strip search conducted pursuant to CCCF policy, practice and custom, she has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

### Facts Applicable to the Plaintiff Seleen

37. Gloria Seleen's experiences are representative of the class at large. On September 5, 2017, Ms. Seleen, sustained a mass public strip search in open areas of the CCCF likely exceeding 500 inmates, and officers strip-searched him and others in a group and public fashion. A tort claim notice from Seleen timely issued.

38. As Corrections Officers watched, Ms. Seleen and others removed all of their clothing, including underpants.

39. A Corrections Officer inspected Mr. Seleen from top to bottom while naked. The deputy then instructed her to bend over and speak her buttocks and to lift her breasts.

10  COMPLAINT

40. As a direct and proximate result of the unlawful strip search conducted pursuant to CCCF policy, practice and custom, she has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

## V.  FIRST CLAIM FOR RELIEF

(§1983 – 8th Amendment Violation)

41. As applicable, Plaintiffs incorporate the above.

42. As described above, Alana Bruns, Kenneth Pohlschneider, Sgt. Donald, Sgt. Moore, Steve Walborn, violated plaintiffs rights not to be subjected to cruel and unusual punishment and compelled to endure mass strip searches in view of multiple inmates at a time, at minimum three at a a time, in violation of the 8th Amendment of the United States Constitution with no exigent circumstances nor reason for failing to provide minimal individual privacy.

43. As a result of the above, Seleen and Rodgers are entitled to an award of economic and noneconomic damages against the individual Defendants in amounts to be determined at trial.

44. As a result of the above, Ms. Seleen and Rodgers are entitled to an award of punitive damages against all defendants in an amount to be determined at trial.

45. Plaintiffs should be awarded their attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI.  SECOND CLAIM FOR RELIEF

(State Law Claim – Negligence)

46. As applicable, Plaintiffs, Seleen incorporate the above.

47. All defendants were negligent in one or more of the following particulars:

11  COMPLAINT

(a)  Failing to provide privacy stalls;

(b) adequate, timely and proper food, hydration and sanitation/ toilets with one toilet for hundreds;

48. As a direct result of the negligence of defendants Rodgers and Seleen have suffered economic and noneconomic damages against defendants in amounts to be determined at trial.

49. Seleen and Rodgers should be awarded their costs against defendants.

## VI.   SECOND CLAIM FOR RELIEF

(State Law Invasion of Privacy – Sexual Battery)

50. As applicable, Plaintiffs  incorporates the above.

51. Defendants committed the tort of invasion of privacy against Seleen and all searched inmates when they conducted a mass strip search with no exigent circumstances.

## VII. THIRD CLAIM FOR RELIEF

(CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 USC SEC 1985 (3))

52.  As applicable, Plaintiffs incorporate the above.

53. All defendants conspired to violate the civil rights of all plaintiffs when they planned, promulgated and executed a mass, public strip search, absent exigent circumstances on or about September 5, 2017 in the CCCF Minimum unit.

## DEMAND FOR PUNITIVE DAMAGES

54.   The actions of the Individual Defendants, detailed herein are outrageous, in that they involved a deliberate indifference to the health and safety of , and numerous others and allowed ongoing, long-term  pain, suffering and sexual abuse of female inmates at CCCF.

12  COMPLAINT

## DEMAND FOR TRIAL BY JURY

55. Plaintiffs hereby request trial by jury.

## PRAYER FOR RELIEF

A. WHEREFORE, Plaintiffs request that this Honorable Court grants them the following relief:

B. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to in an amount to be determined by a Jury.

C. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for punitive damages for each.

D. A preliminary and permanent injunction enjoining Defendants from continuing to allow defendant Alana Bruns, Kenneth Pohlschneier, Sgt. Donald, Sgt. Moore, Steve Walborn, from conducting mass strip searches absent exigent circumstances and reasonable privacy.

E. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 2

DATED This 3rd day of September, 2019.

                        Respectfully submitted by:

                        S//S Leonard R. Berman

                        _____
                         Leonard R. Berman, OSB # 96040
                        ATTORNEY FOR PLAINTIFFS

13  COMPLAINT